(No. 3945—

ARCHIE CHAPMAN THOMPSON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1946.*

BARRY MUMFORD and EVAN L. SEARCY, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

140

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act.

On October 9, 1945, the claimant was one of a group of State employees, engaged in cleaning a mixer which had been used in mixing asphalt patching material. The mixer was about one-quarter mile east of Kinderhook on U. S. Route 34 in Pike County, and was partially filled with a solvent and was being operated in order to clean the residual asphalt from the mechanism. During this operation, claimant's glove was caught by the revolving paddle inside the drum, causing his right hand to be drawn into the machine, crushing his right middle and ring fingers between the paddles and mixer drum.

The Division of Highways, claimant's employer, was notified of the accident immediately after it occurred and ordered the claimant's removal to Levering Hospital at Hannibal, Missouri. He was placed under the care of Dr. F. E. Sultzman. The following day, Dr. Sultzman operated on the crushed fingers, amputating the middle finger at the knuckle joint and the ring finger at the distal phalanx.

On November 19, 1945, claimant returned to work for the respondent.

The report of the Division of Highways, filed in this case, shows that claimant, at the time of the accident, was 45 years of age, married, and had three children under the age of 16 years, dependent upon him for sup-

port. His annual wage for one year next preceding the injury was $1800.00 per year.

It further discloses that claimant, because of his injury, was unable to work from October 10, 1945 to November 18, 1945. However, he was paid full salary for the period of October 10 to 31 inclusive, in the amount of $106.45, and temporary total disability at $21.60 per week for the period of November 1 to 18 inclusive, amounting to $55.54.

The report further discloses that the respondent paid the following creditors in connection with the injury of claimant:

| | |
|---|---:|
| Dr. F. E. Sultzman | $100.00 |
| Dr. F. H. Dechow | 8.00 |
| Levering Hospital, Hannibal, Missouri | 42.00 |
| Total | $150.00 |

Upon consideration of this record, we make the following findings: that claimant and respondent were, on the 9th day of October 1945, operating under the Workmen's Compensation Act; that on the date last mentioned, claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of said accident was given said respondent and claim for compensation on account thereof was made on respondent within the time required under Section 24 of the Act; that the earnings of the claimant for the year next preceding the injury were $1800.00, and that his average weekly wage was $34.61.

That claimant was unable to resume his employment from the date of the injury to the 19th day of November 1945, being 5 weeks and 5 days, for which he was entitled to temporary total compensation at $21.60 per week or a total of $123.43; that the respondent paid to the claimant full salary from the period of October 10

to October 31 inclusive in the sum of $106.45. Following this date, the respondent paid temporary total compensation to claimant at $21.60 per week for the period of November 1 to 18 inclusive, amounting to the sum of $55.54 making a total paid to claimant of $161.99 or an overpayment for unproductive work of $38.56, which must be deducted from any award made to claimant.

Under Section 8 of the Workmen's Compensation Act, claimant is entitled to the sum of $21.60 for a period of 35 weeks, as provided in Paragraph (e), Sub Paragraph 3-7, of the Act as amended, for the reason claimant suffered the loss of more than one phalange of the second finger of his right hand which under said Act is considered as the loss of the entire finger, amounting to the sum of $756.00. Claimant is also entitled to have and receive from the respondent, the sum of $21.60 for a period of 12½ weeks, as provided in Paragraph (e), Sub Paragraph 6 of Section 8 of said Act, as amended, for the reason claimant suffered loss of first phalange of the third finger of his right hand, which under said Act is considered to be equal to the loss of one-half of such finger, amounting to the sum of $270.00, making a total of $1026.00. From this amount, the sum of $38.56 must be deducted, leaving a balance of $987.44.

An award is therefore entered in favor of claimant, Archie Chapman Thompson, in the sum of Nine Hundred Eighty-Seven Dollars and Forty-Four Cents ($987.44) payable as follows: Five Hundred Forty ($540.00) Dollars is accrued and payable forthwith, and the remainder, amounting to Four Hundred Forty-Seven Dollars and Forty-Four Cents ($447.44) is payable in weekly installments of Twenty-One Dollars and Sixty Cents ($21.60) for twenty (20) weeks beginning May 13, 1946 and a final payment of Fifteen Dollars and Forty-Four Cents ($15.44).

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."